**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISAAC JOSE RODRIGUEZ,<br><br>   Plaintiff,<br><br>   v.<br><br>DERRICK CARTER, *et al.*,<br><br>   Defendants. | Case No. CV 16-04521 JFW (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On June 22, 2016, plaintiff filed a Complaint in this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He subsequently was granted leave to proceed *in forma pauperis*. The Complaint names as defendants Derrick Carter and Daniel Morris, both police officers with the City of Pasadena Police Department, Phillip Sanchez, the Chief of Police for the City of Pasadena Police Department, and the City of Pasadena. (ECF No. 1 at 2-3.)[1] Plaintiff's claims appear to arise from an arrest that occurred on October 26, 2013. (*Id*. at 3.) Plaintiff seeks injunctive relief to compel defendants to set policies regarding the use of force and the use of handcuffs, as well as monetary damages. (*Id.* at 16.)

---

[1] The Court references the electronic version of the Complaint.

In accordance with the terms of the "Prison Litigation Reform Act of 1995," the Court has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *see, e.g., Shirley v. Univ. of Idaho*, 800 F.3d 1193 (9th Cir. 2015) (citing 28 U.S.C. § 1915(e)(2)(B) and noting that a "district court shall screen and dismiss an action filed by a plaintiff proceeding *in forma pauperis*"); *Lopez v. Smith*, 203 F.3d 1122, 1127 n.7 (9th Cir. 2000) (noting "section 1915(e) applies to all *in forma pauperis* complaints" and directing "district courts to dismiss a complaint that fails to state a claim upon which relief may be granted") (en banc).

The Court's screening of the pleading under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.

1988). However, the Supreme Court has held that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation").

After careful review and consideration of the Complaint under the foregoing standards, the Court finds that plaintiff's allegations appear insufficient to state any claim on which relief may be granted. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than November 30, 2016, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be

dismissed without leave to amend and with prejudice.[2]

## DISCUSSION

**A.** **To the extent that plaintiff's claims implicate the validity of his conviction, the claims are barred by Heck.**

A petition for habeas corpus is a prisoner's sole judicial remedy when attacking "the validity of the fact or length of . . . confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990). Thus, plaintiff may not use a civil rights action to challenge the validity of a conviction or incarceration. Such relief only is available in a habeas corpus action. In addition, to the extent that a plaintiff is attempting to use a civil rights action to seek monetary damages for an allegedly unlawful conviction where success would necessarily implicate the fact or duration of his conviction, his claims are not cognizable under § 1983 unless and until plaintiff can show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under *Heck*, if a judgment in favor of a plaintiff on a civil rights action *necessarily* will imply the invalidity of his or her

---

[2] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated. *Id.*; *see also Skinner v. Switzer*, 562 U.S. 521, 525 (2011) ("Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983."). Accordingly, "*Heck* prohibits the use of § 1983 to attack the validity of a conviction, because a recovery in the damages action would necessarily imply that the conviction was wrongfully obtained." *Furnace v. Giurbino*, 2016 WL 5439760, at *5 (9th Cir. Sept. 29, 2016).[3]

Here, plaintiff seeks monetary damages from what he contends was an unlawful arrest and conviction. Plaintiff alleges that he was arrested by defendant Officer Carter on October 26, 2013, and that he was subsequently charged with a violation of Cal. Penal Code § 148(a) for "delaying a police officer." (ECF No. 1 at 3-4.) On November 17, 2013, plaintiff "entered a plea of no contest to the court of [sic] all counts of the complaint." (*Id.* at 4.) In this action, plaintiff raises claims pursuant to § 1983 for "unlawful stop and detention" (*id.* at 5), retaliation in his arrest (*id.*), "false arrest and false police report" (*id.* at 8), "false imprisonment" (*id.* at 9), and "malicious prosecution" (*id.*). Plaintiff, however, alleges that he pleaded "no contest" to all charges arising from his arrest. (*Id.* at 4.)

Under California law, a plea of "no contest" or "nolo contendere" has the same legal effect as a plea of guilty. *See* Cal. Penal Code § 1016(3). In addition,

---

[3] The Ninth Circuit has held that, in rare cases where a plaintiff has no habeas remedy available through no fault of his own, *Heck* may not bar him from raising a claim attacking his conviction pursuant to § 1983. *See Lyall v. City of Los Angeles*, 807 F.3d 1178, 1191-92 & n.12 (9th Cir. 2015) (noting that "'timely pursuit of available habeas relief' is an important prerequisite for a § 1983 plaintiff seeking" to raise an otherwise barred claim and finding that plaintiff's failure to seek to invalidate his conviction through state appeals barred his federal § 1983 suit); *Nonnette v. Small*, 316 F.3d 872, 876-77 (9th Cir. 2002) (finding plaintiff was not barred from raising a civil rights claim challenging a disciplinary proceeding because he had been released from prison and a habeas petition would be moot). In this case, plaintiff does not allege that he sought to invalidate his conviction through the state appeal process or that no habeas relief was available to him.

"for purposes of the *Heck* analysis, a plea of nolo contendere in a California criminal action has the same effect as a guilty plea or jury verdict of guilty." *Nuno v. County of San Bernardino*, 58 F. Supp. 2d 1127, 1135 (C.D. Cal. 1999); *see also Szajer v. City of Los Angeles*, 632 F.3d 607 (9th Cir. 2011) (finding that *Heck* barred civil rights claims challenging the search that discovered an assault weapon that formed the basis of a no contest plea); *Mancheno v. City of Orinda*, 2015 WL 632402, at *4, 2015 U.S. Dist. Lexis 18303, at *13-14 (N.D. Cal. Feb. 13, 2015) (finding false arrest claim barred by *Heck* where plaintiff had pleaded no contest). Because success on any of these federal civil rights claims would necessarily demonstrate the invalidity of plaintiff's conviction, plaintiff may not raise such claims unless and until he can show that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Plaintiff does not allege that his conviction already has been invalidated or overturned, and accordingly, any federal civil rights claims alleging an unlawful arrest, prosecution, or conviction are barred by *Heck*.

**B.      Plaintiff's allegations are insufficient to state a claim for the excessive use of force.**

The Fourth Amendment "guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person." *Graham v. Conner*, 490 U.S. 386, 394 (1989) (alterations in original). Such claims are "analyzed under the Fourth Amendment's 'objective reasonableness standard.'" *Saucier v. Katz*, 533 U.S. 194, 204 (2001) (citing *Graham*, 490 U.S. at 388). The "reasonableness" of an officer's actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. The determination of whether an officer's use of force was "reasonable"

6

under the Fourth Amendment "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Graham*, 490 U.S. at 396 (internal quotations omitted). Such an analysis requires "careful attention to the facts and circumstances in each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* Moreover, the Supreme Court has held that, in determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397. As the Ninth Circuit has emphasized, "the most important factor under *Graham* is whether the suspect posed an immediate threat to the safety of the officers or others." *C.V. v. City of Anaheim*, 823 F.3d 1252, 1255 (9th Cir. 2016) (internal quotation marks omitted).

Plaintiff purports to allege a claim for the use of excessive force against Officers Carter and Morris. Plaintiff alleges that these defendants had "no need for use of any force . . . because there was no probable cause for an arrest." Further, plaintiff alleges that the "use of force in using handcuffs has [sic] a weapon by over tighten [sic] the handcuffs" was unnecessary. (ECF No. 1 at 6-7.) Plaintiff alleges that Officer Carter arrested plaintiff, but he sets forth no factual allegations concerning the use of handcuffs, or the role that Officer Morris played in plaintiff's arrest. (S*ee id.* at 3-4.) In order to state a federal civil rights claim against a particular defendant, plaintiff must set forth factual allegations showing that the defendant took an action, participated in another's action, or omitted to perform an act that he was legally required to do that *caused* the alleged violation of plaintiff's constitutional rights. "A person deprives another 'of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's

7

affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiffs complain].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)).

Accordingly, the Court finds that the factual allegations of the Complaint, even accepted as true and construed in the light most favorable to plaintiff, are insufficient to nudge any claim for the excessive use of force "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Further, federal civil rights claims are subject to the forum state's statute of limitations applicable to personal injury claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Effective January 1, 2003, California enacted a two-year statute of limitations for personal injury claims. *See Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (citing Cal. Civ. Proc. Code § 335.1). Federal law, however, determines when a claim accrues and when the applicable limitations period begins to run. *Wallace*, 549 U.S. at 388 ("the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law" (emphasis in original)). Accordingly any claim arising from the alleged use of excessive force during plaintiff's arrest accrued on the day that plaintiff knew or had reason to know of the injury, which would have been the day that the use of force occurred. *Bradford v. Scherschligt*, 803 F.3d 382, 387-88 (9th Cir. 2015) ("To determine the proper date of accrual, we look to the common law tort most analogous to [plaintiff's] claim."); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998) (holding that, as a general rule, an excessive force claim under § 1983 accrues on the date that the force occurs). Although, plaintiff alleges that the statute of limitations was "suspended for the period of plaintiff's false imprisonment" (ECF No. 1 at 4), he does not allege any time period in which he was imprisoned. Plaintiff was arrested on October 26,

2013, but he did not file this action until June 22, 2016, more than two years after any claim for the use of force during the arrest would have accrued.

Accordingly, it appears from the factual allegations of the Complaint that any federal civil rights claim alleging the use of excessive force during plaintiff's arrest also would be time barred.

### C. **Plaintiff's allegations are insufficient to state a claim against the City of Pasadena or the Chief of Police.**

Plaintiff names Sanchez, the Chief of Police for the City of Pasadena Police Department as a defendant, but he does not set forth any factual allegations pertaining to this defendant. Plaintiff purports to raise federal civil rights claims against Chief Sanchez for a failure to properly "screen" and for a failure to adequately train officers in the constitutional use of force. (ECF No. 1 at 12-13.) Plaintiff also purports to raise a claim pursuant to Section 1983 for failing to "supervise" against Chief Sanchez and the City of Pasadena. (*Id.* at 13-14.)

To the extent that plaintiff is seeking to hold Chief Sanchez liable based solely on his supervisory role, the Supreme Court has emphasized that "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676. Rather, plaintiff must allege that each defendant "through the official's own individual actions, has violated the Constitution." *Id*. at 676-77 ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"). *See also Starr*, 652 F.3d at 1207 (a supervisor is liable only if he or she is personally involved in the constitutional deprivation or there exists a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (internal quotation marks omitted)). Here, plaintiff's Complaint does not set forth any factual allegations that Chief Sanchez engaged in any wrongful conduct that *caused* plaintiff's alleged civil rights violations.

In addition, to the extent that plaintiff is purporting to hold the City of Pasadena liable on a theory of the customary use of excessive force or for failing to adequate train police officers in the constitutional use of force, the Supreme Court in *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978), held that a local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694; *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("local governments are responsible only for their own illegal acts").

Here, the Complaint fails to set forth any allegations that any specific policy or custom by Chief Sanchez or the City of Pasadena was the "actionable cause" of a specific constitutional violation. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation."). In addition, liability against a policy maker or local government entity for implementation of an improper custom may not be premised on an isolated incident. *See, e.g., Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *Thompson v. Los Angeles*, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), *overruled on other grounds, Bull v. City & County of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) (en banc). Plaintiff's Complaint does not set forth any factual allegations concerning any practice or custom by the City of Pasadena Police

Department that he alleges was a "traditional method of carrying out policy." Finally, plaintiff's conclusory allegations that the "failure to promulgate or maintain constitutionally adequate training was done with deliberate indifference to the rights of plaintiff and others in their [sic] position" (ECF No. 1 at 13) is not entitled to a presumption of truth in determining whether plaintiff's Complaint alleges any claim that is plausible. *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) ("a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible").

************

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than November 30, 2016**, remedying the pleading deficiencies discussed above. The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that, if he desires to pursue this action, he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

**Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of his pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

///
///
///
///

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED.**

DATED: 10/26/2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE